UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABE WILLIAMS JR.,<br><br>    Petitioner,<br><br>v.<br><br>S. FRAUENHEIM, Warden,<br><br>    Respondent. | Case No. 1:17-cv-01147-MJS (HC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

       Petitioner is a state prisoner proceeding pro se and in forma pauperis on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the (1) fairness and impartiality of his 2016 parole hearing, as well as (2) the merits of his underlying conviction for second degree murder in 1986. (ECF No. 1.) Petitioner further claims that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is unconstitutional if the statute of limitations bars the consideration of his case. Petitioner also requests an evidentiary hearing.

       The Petition is before the Court for screening. For the reasons outlined below, the petition must be dismissed as asserting a non-cognizable claim (the challenge to his 2016 parole hearing) and a claim that is time-barred by AEDPA (the merits challenge).

## I. Screening

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do

2

not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

## II. Background

Petitioner was convicted in 1986 of second degree murder and sentenced in 1987 to 15 years to life with the possibility of parole. (ECF No. 1 at 1.) The conviction was affirmed by the First Appellate District of California in 1989. (Id. at 2.) Petitioner appealed that decision to the California Supreme Court, which denied his appeal in 1990. (Id.) Petitioner did not seek further review of his conviction.

In December of 2014, the Parole Board found Petitioner suitable for parole. (Id. at 27.) In April of 2015, however, the Governor reversed the parole grant and remanded the case back to the Parole Board for further review. (Id.) In August of 2016, the Parole Board held a second hearing and determined that Petitioner was not suitable for parole. (Id. at 28.) The panel explained the basis for the decision on the record and later provided Petitioner with a copy of the hearing transcript. (Id. at 273.) Petitioner alleges that the transcript of the 2016 hearing provided to him was "altered and sanitized." (Id. at 36.)

Petitioner presents two claims for relief:[1] (1) Petitioner was denied a fair and impartial parole hearing, depriving him of the minimum due process protections guaranteed under federal law, in violation of his Sixth, Eighth and Fourteenth Amendment rights; and (2) Petitioner's conviction and sentence are void because they were the direct result of trial court and prosecutorial bias and prejudicial misconduct in

---

[1] The petition lists four claims for relief; however, claim three is an argument concerning the applicability of AEDPA, while claim four merely requests an evidentiary hearing.

3

violation of Petitioner's Sixth Amendment right to a fair and impartial trial.

**III. Discussion**

    **A.    Claim 1: Challenge to Parole Decision**

Under AEDPA, a district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. 1, 5 (2010).

California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, and Petitioner is entitled to minimal procedural protections in the parole determination. Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979)). The Supreme Court has held that "a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. A determination that these minimal protections were afforded ends the federal due process inquiry. Id.

Here, Petitioner alleges that the process afforded him was not fair and impartial. He contends that the Governor's denial and remand of the 2014 decision of the Parole Board prejudiced his 2016 hearing. Petitioner further argues that the copy of the transcript he received from the Parole Board containing the parole decision was "altered and sanitized." Petitioner asserts that certain statements at the hearing reflecting the bias of the parole panel were removed from the transcript.

Specifically, Petitioner claims that the Parole Board was improperly influenced by the Governor's 2015 reversal of the original decision. (ECF No. 1 at 37.) Petitioner claims that the Governor's decision included several falsehoods, which were then adopted by the Parole Board. Petitioner alleges that sections of the hearing transcript that displayed the influence of the Governor's decision were erased. (Id. at 38-39.)

4

Petitioner also alleges that certain members of the panel displayed a disrespectful, demeaning and hostile attitude toward him during the hearing, which was removed from the transcript. (Id. at 39-41.)

Even if the Court were to accept all of Petitioner's allegations as true, he could not state a claim for habeas relief concerning his 2016 parole hearing because he admits that he was provided with the minimum process due: (1) "he was allowed an opportunity to be heard and [(2)] was provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220. Petitioner admits that he was provided with a hearing at which he was heard by the Parole Board and that he was later sent a copy of the hearing transcript, which included the decision of the Parole Board to deny his request. The transcript, including the decision, is attached to the petition. (ECF No. 1 at 273.) Regardless of any alleged errors or omissions of the transcriber, Petitioner was provided with a written statement the reasons why his petition for parole was denied. (Id.) The tone of the Parole Board or inferences to the Governor's influence do not undermine the basic facts of this case, which are that Petitioner was provided the minimum process due to him at a parole hearing.

Accordingly, this claim must be dismissed. To allow Petitioner to amend the petition would be futile because the record clearly shows that Petitioner was afforded the minimum process due to him for a parole hearing.

**B.    Claim 2: Merits Challenge**

Petitioner's challenge to the merits of his conviction in 1986 must be dismissed as untimely. Petitioner appears to recognize that his petition is not timely on this issue, as he includes an argument asserting that AEDPA must be unconstitutional if it imposes a time bar on a claim that would otherwise be meritorious. This argument must be rejected.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The petition states that

Petitioner's appeal with the California Supreme Court was denied on November 20, 1990. (ECF No. 1 at 2. No subsequent appeal or habeas corpus action was filed concerning the merits of Petitioner's conviction. (ECF No. 1 at 2-3.)

On April 24, 1996, Congress enacted AEDPA. AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on August 25, 2017 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking

6

such review. In this case, Petitioner did not appeal California Supreme Court judgment issued on November 20, 1990. Accordingly, his conviction became final 60 days later on January 19, 1991. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on January 20, 1990. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner had until January 20, 1991 to file his federal habeas petition. The petition here was filed on August 25, 2017. (ECF No. 1.)

Equitable tolling under AEDPA is available if a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). The Ninth Circuit has emphasized that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)). Petitioner has not met that threshold here. The merits argument relies exclusively on Petitioner's claim of trial court and prosecutorial bias and prejudicial misconduct occurring during the trial that Petitioner has known about since the trial. He makes no attempt at demonstrating that he has pursued his rights at all in the intervening 26 years since the statute of limitations expired. Furthermore, Petitioner makes no argument that any circumstance, extraordinary or not, stood in the way of him filing this petition. Accordingly, any claim of equitable tolling cannot stand.

The petition makes clear that Petitioner is attempting to attach an untimely merits claim to a timely (though non-cognizable) parole claim, even though he recognizes that such a claim is beyond the statute of limitations. (See ECF No. 1 at 67-73 (arguing that AEDPA's statute of limitations is unconstitutional).) Thus, even as Petitioner, himself, recognizes, this claim is untimely and cannot stand.

The arguments concerning the constitutionality of AEDPA's statute of limitations provision must be rejected as well. The time limit is a statutory creation, as is the ability of state prisoners to file a federal habeas action. See 28 U.S.C. §§ 2244; 2254. Just as

Congress is empowered to establish federal habeas jurisdiction for the state prisoners, so is it empowered to impose limitations on that jurisdiction, including a time limit as AEDPA does. The Ninth Circuit and the Supreme Court have repeatedly enforced the provisions of the statute of limitations. See e.g., Gonzalez v. Thaler, 565 U.S. 134 (2012); McMonagle v. Meyer, 802 F.3d 1093 (9th Cir. 2015). Accordingly, Petitioner's argument concerning the constitutionality of the statute of limitations must be rejected.

For the foregoing reasons, the second claim must be dismissed as untimely.

## IV. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the undersigned recommends that the district court not issue a certificate of appealability.

## IV. Conclusion

IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this matter.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

(1) This petition (ECF No. 1) be dismissed for failure to state a cognizable claim concerning claim 1 and for being untimely as to claim 2; and

(2) A certificate of appealibility not issue.

The findings and recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within thirty days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 30, 2017         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

9